IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HARRY C. STUTESMAN                                                                                         PLAINTIFF

v.                                    Civil No. 5:22-cv-05124

KARAS HEALTH; and NURSE
KELLY HINELY                                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the orders of the Court.

### I.     DISCUSSION

On September 6, 2022, Plaintiff filed a Motion to Amend his Complaint to add defendants. (ECF No. 13). The Motion was granted, and Plaintiff directed to submit his Amended Complaint by October 7, 2022. (ECF No. 15). Plaintiff did not file his Amended Complaint and did not request an extension of time to do so.

On October 20, 2022, a Show Cause Order was entered. (ECF No. 20). Plaintiff was given until November 10, 2022, to show cause why he failed to obey the Order of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order the case shall be subject to dismissal.

To date, Plaintiff has not filed his Amended Complaint or a response to the Show Cause Order. He has not requested an extension of time to file his response to the Show Cause Order. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 15 & 20).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of December 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE